United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BRUCE REMINGTON,<br>Plaintiff,<br>v.<br>GIBB, et al.,<br>Defendants. | Case No. 26-cv-06950-RMI<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. Nos. 10, 15 |

Before the court is Defendants Gregory Gibb's, M.D., and Amelia F. Burroughs', Esq. (collectively, "Defendants"), motion to dismiss Plaintiff Bruce Remington's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(5) for failure to effect service. All parties have consented to jurisdiction of a magistrate judge and have filed briefs. Having carefully considered the parties' submissions, the court concludes that this matter is suitable for resolution without oral argument. N.D. Cal. Civ. L.R. 7-1(b). For the reasons explained herein, Defendants' motion to dismiss is GRANTED.

## I. BACKGROUND

### *A. The Complaint*

Mr. Remington filed this personal injury action against Defendants in this court on July 8, 2026. Pl.'s Compl., Dkt. 1. In his complaint, he alleges medical malpractice, stating that Dr. Gibb "permanently blinded" him in a "routine cataract surgery" on July 10, 2025. *Id.* at 4. He seeks "$700,000 for being permanently blinded and $300,000 punitive damages or $1 million total." *Id.* Mr. Remington asserts jurisdiction based on diversity of citizenship and that he is a citizen of both Oregon and California. *Id.* at 3. On the first page of the form complaint, he lists his address as 5149

United States District Court
Northern District of California

Blackberry Lane, Eureka, CA 95503, *id.* at 1, but later notes 2445 S.W. Pickford Street, Corvallis, OR 97357 under his name and signature on the certification page with the Eureka address noted parenthetically, *id.* at 5. Mr. Remington makes no allegations whatsoever as to Ms. Burroughs in the complaint.

***B. The Motion to Dismiss***

Defendants moved to dismiss on October 2, 2026. Def.'s Mot. to Dismiss, Dkt. 10. They argue that Mr. Remington's alleged Oregon citizenship is subject to a factual challenge as his "own filings raise a question about his domicile." *Id.* at 4. Defendants point to several facts in support of "an objective basis for questioning whether" Mr. Remington had established an Oregon domicile, including that he initially filed an action in California state court for the same alleged injuries (which was dismissed) and that his correspondence with the court and with counsel uses a California address. *Id.* at 4–5. They also alert the court to the fact that Mr. Remington was declared a vexatious litigant in California state courts and ask that the court "consider the prior California dismissal as an alternative ground[.]" *Id.* at 5. With respect to Defendants' contention that Mr. Remington failed to effect valid service of process, they assert that he only mailed a copy of the complaint and the summons to the law office of Dr. Gibbs' former attorney, Amelia F. Burroughs, who is no longer employed by the firm and was not authorized to accept service on Dr. Gibbs' behalf. *Id.* at 5. That they received actual notice of the lawsuit, Defendants argue, does not cure his failure to comply with Rule 4's service requirements. *Id.* at 6.

In response, Mr. Remington advances a long list of arguments in defense of his complaint that the court will attempt to distill in relevant part here. He first distinguishes his prior state court cases by referencing a case he filed eight years ago against his neighbor in a property dispute. Def.'s Opp. 2–6, Dkt. 15. He disputes his status as a vexatious litigant, stating that "the restriction formally expired a couple of years ago" and that he is "no longer bound by active pre-filing orders or limitations that would prevent [him] (for long) from filing a new, independent action."[1] *Id.* at 4. As

[1] The court notes that as of the date of this filing, Mr. Remington remains on California's Vexatious Litigant List, maintained at https://courts.ca.gov/news-reference/reports-publications/vexatious-litigant-list.

far as his domicile is concerned, Mr. Remington argues that "ALL that is important here…is WHERE I was living at the time THIS federal complaint was filed, on July 10, 2026, and nothing else really." *Id.* at 6. He states that his legal domicile "has actually been Oregon for several years now," despite the fact that he uses his California address "for all legal correspondence to avoid not seeing documents when forwarded between [his] Corvallis and Eureka address[.]" *Id.* He asserts that he has been domiciled in Oregon for approximately three years, supported by the fact that he jointly owns a property with his sister in Corvallis and is saving to buy his sister out and he has invested in the property to make "it suitable for [his] permanent residency." *Id.* Mr. Remington states that he is currently living with his ex-wife in Eureka. *Id.* His "concrete physical evidence" of his Oregon domicile is as follows: he "invested heavily" in work on his Oregon property; he jointly owns the Oregon property with his sister and has "consistently paid all the property taxes there, timely and personally[]"; he uses his California address for legal correspondence "to prevent critical documents from being lost or delayed in the mail"; and his presence at his ex-wife's house in California "is temporary, lacks a lease, and carries no long-term legal right to remain[.]" *Id.* at 7–8.

In response to the deficient service argument, Mr. Remington argues that "service of process is meant to ensure that the defendants receive actual, formal notice of the lawsuit so they can defend themselves." *Id.* at 10. Because Defendants' lawyer received actual notice, he contends, service has been satisfied. *Id.* Mr. Remington states that Ms. Burroughs sent him a letter in January 2026 directing him to send all communications regarding his potential lawsuit to her attention and that this constituted good cause such that he should be allowed an extension to perfect service. *Id.* at 10–11.

Defendants replied, submitting additional evidence in support of their arguments that the case should be dismissed. Def.'s Reply, Dkt. 16. They attach as an exhibit a public Facebook post Mr. Remington posted on July 10, 2025, which "describes his residence, business interests, and personal activities as centered in the Eureka area." *Id.* at 2, Ex. A. Defendants also attach a Zillow posting of his Oregon property for sale, which "further undermines his claim that he has established, or intends to establish, Oregon as his permanent domicile." *Id.* at 3, Ex B.

//

## II. LEGAL STANDARDS

### *A. Subject Matter Jurisdiction Based on Diversity of Citizenship*

Federal courts are courts of limited jurisdiction, U.S. Const. art. III, § 2, and it is a fundamental principle is that a court may not hear a case without jurisdiction. *See Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Accordingly, Rule 12(b)(1) provides that a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Under 28 U.S.C. § 1332, federal district courts have "original jurisdiction of all civil actions" where the amount in controversy exceeds $75,000 and where there is complete diversity of parties, *i.e.*, where the parties are citizens of different states. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person is domiciled "in a location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." *Id.* at 749–50 (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940) (citation modified)). Domicile is determined at the time the lawsuit is filed and is evaluated in terms of objective facts, with statements of intent given little weight when in conflict with the objective facts. *Id.* at 750.

A defendant may challenge a plaintiff's "jurisdictional allegations in one of two ways." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). One way is by challenging the allegations facially; a facial attack "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). The second way to challenge jurisdiction is by making a factual challenge, which occurs when a defendant "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* In response to a factual challenge, a plaintiff must support his or her jurisdictional allegations with "competent proof," bearing "the burden of proving by a preponderance of the evidence that each of the requirements

for subject-matter jurisdiction has been met." *Id.*

***B. Service of Process Under Rule 4***

A party may also move to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Rule 4 provides that an individual may be served by following state law for service in the state where the federal district court is located or where service is made or by doing one of the following: delivering a copy of the summons and complaint to the individual personally; leaving a copy of the summons and complaint at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or delivering a copy of the summons and complaint to an authorized agent. Fed. R. Civ. P. 4 (e). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

## III. ANALYSIS

Defendants mount a factual challenge to Mr. Remington's jurisdictional allegations, contesting the truth of his allegation that he is domiciled in Oregon. Because Mr. Remington has not carried his burden of persuasion by making a prima facie showing of diversity of citizenship, his complaint must be dismissed.

His complaint and opposition to the motion to dismiss are rife with inconsistencies. For example, he lists his Eureka address on the first page of the complaint, on the civil cover sheet, and on the envelope as the return address sent to the court, Compl. 1, 6, 8; yet he notes his citizenship as both Oregon and California, then writes in the Oregon address under his name and signature on the Rule 11 certification page, and lists Benton County, Oregon, *and* Humboldt County, California, as his county of residence on the civil cover sheet, *id.* at 3, 5–6. Filed with his opposition to this motion is his proof of service, which lists his Eureka address as his residence, and the envelope containing his opposition again lists his Eureka address as the return address. Mr. Remington makes several statements in his opposition that indicate that he is and has been residing in California. *See* Opp. 2 (referencing a prior lawsuit that concerned his "neighbor polluting [his] adjacent land at 832 Westgate Drive, Eureka CA 95503" and stating that it is "[a] property I still own"); *id.* at 6 ("I have some furniture in Eureka and Corvallis, and am currently living with my EX-wife for a while in

Eureka…substantially rent free, but temporarily with no lease, so I can move to Corvallis permanently any time if my health holds-up, which is somewhat iffy right now. . . ."); *id.* at 9 ("It goes without saying that we always paid all Oregon and CALIF taxes on time[.]"). The fact of Mr. Remington's residence in California is further supported by the exhibits submitted by Defendants. *See* Reply, Exs. A, B.

Despite Mr. Remington's claim that he established domicile in Oregon as of the time he filed his complaint, he never actually claims physical presence there. *See id.* at 15 ("I have jointly owned the SW Pickford Street property in Corvallis for 12 years. . . My intent to remain in Oregon permanently can be highlighting [sic] or proven by the substantial physical investments made to the property prior to filing[.]"); *id.* at 21 ("My deep physical and many financial investments in many improvements at the SW Pickford Street property in Corvallis, preparing it for my *eventual* PERMANENT retirement and full-time year-around occupancy, firmly establishes my Oregon domicile on the filing date, July 10, 2026, satisfying diversity jurisdiction." (emphasis added)); *id.* at 26 ("Because of my severe visual impairment and difficulties typing or sorting mail, using a stable, *non-forwarded* address for all legal documents was a logistical necessity, to ensure no legal windows were missed. THAT FACT does not change MY actual *planned* [sic] and physical retirement domicile in Oregon." (emphasis added)).

The only fact that supports his contention that he is domiciled in Oregon is his ownership of the property at Pickford Street in Corvallis, Oregon, which carries little weight given his property ownership in California and Mr. Remington's own admission that he is physically residing in California. Although it is true that mere residency in one state does not automatically establish citizenship there, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), *superseded by statute on other grounds*, Mr. Remington has not proffered competent proof that he was physically present in Oregon at the time he filed this suit, much less that he resides there with an intent to remain indefinitely or permanently. His statements of intent as to making Oregon his permanent home at some point in the future are not only unsupported by the objective facts, but insufficient—even if taken as true—to satisfy the requirements for jurisdiction based on diversity of citizenship. At bottom, Mr. Remington's jurisdictional allegations have been sufficiently called into question

such that the court may not proceed. His complaint must be dismissed, so Defendants' motion is GRANTED.

Having determined that Mr. Remington's complaint is subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, the court lacks authority to consider the other grounds for dismissal—insufficient service of process—in this case under Rule 12(b)(5).

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss, and the complaint is DISMISSED for lack of subject matter jurisdiction with leave to amend.[2] Mr. Remington may file an amended complaint within twenty-eight (28) days of this order. Failure to file an amended complaint by this deadline may result in the dismissal of this action in its entirety without further leave to amend. For any future filings with this court, Mr. Remington is instructed to submit mailings to the Office of the Clerk at 450 Golden Gate Avenue, San Francisco, CA 94102, as the Eureka-McKinleyville division does not accept documents for filing. N.D. Cal. Civ. L.R. 3-2(b). He may also register to e-file by visiting https://cand.uscourts.gov/cases-e-filing/cmecf-information.

**IT IS SO ORDERED.**

Dated: October 29, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

[2] In the event Mr. Remington amends his complaint, he must properly serve all defendants in accordance with Rule 4's strictures. The court notes that if Mr. Remington chooses to amend his complaint and successfully makes a prima facie showing of his domicile in Oregon, the court may grant jurisdictional discovery to Defendants, which may include Mr. Remington being subject to a deposition, requests for production, and requests of his financial and tax records.